BAILES, Judge.
The plaintiffs, husband and wife, appeal from the judgment of the trial court sustaining peremptory exceptions filed by both the defendant and the third party defendant, and dismissing plaintiffs’ suit.
For a cause of action, plaintiffs allege on the evening of Friday, December 6, 1963, *759 a spinning top demonstration and contest was sponsored by and held on the patio entrance to the appliance department of the store of defendant on Florida Boulevard in the City of Baton Rouge; that the demonstration and contest was staged and conducted by an employee and representative of the Duncan Spinning Tops. The petition further alleges Mrs. Marie T. Bennett, plaintiff, had been in the store shopping, she left by way of the appliance department exit accompanied by her children, who noticed the said demonstration and contest then in progress and requested her to stop to allow them to watch. She yielded to their request. She further alleged there was a large crowd viewing the demonstration and contest, and shortly after she and her children had stopped, the man in charge of the affair asked the crowd to move back in order to make more room for the children participants to spin their tops, “whereupon, a man who had been standing in front of petitioner, Mrs. Marie T. Bennett, hut whose identity is unknown to your petitioners, stepped backwards onto the left foot of said petitioner causing her to fall and sustain the injuries hereinafter described.” Plaintiff, Mrs. Marie T. Bennett, sued for physical and mental pain and suffering, past, present and future, personal injuries to left foot and ankle, miscarriage, and permanent disability to left lower extremity; and plaintiff, George R. Bennett, sued for loss of wages of his wife and for ■medical expenses.
Article 11 of the plaintiffs’ petition is the ■only article wherein negligence is alleged .against the defendant. Therein she stated:
“Petitioners now allege that said accident and the resultant injuries and ■damages were all caused by the sole ■negligence of the agents and employees ■of defendant, Sears, Roebuck & Co., -which said negligence includes, but is not necessarily limited to, the 'following .acts of omission and commission, to-wit:
a. In sponsoring and/or promoting a demonstration and contest in an unsafe area;
b. In sponsoring and/or promoting said demonstration in a crowded, congested area near its store building and parking lot amid shoppers, vehicular traffic and itinerants without properly supervising same so as to prevent an accident such as sustained by Mrs. Marie T. Bennett;
c. In failing to rope or otherwise cordon off the area in which the contestants were to spin their tops, causing the said Bill Anderson to request the crowd of onlookers to move back resulting in said accident and injuries to petitioner, Mrs. Marie T. Bennett; and,
d. In failing to mark off and have properly policed the area in whiph said demonstration and contest was held and the adjacent area thereto, so as to provide ample spectator area without undue crowding and pushing among the crowd.”
The defendant, after answering to the plaintiffs’ demands, filed a third party petition against Donald F. Duncan, Inc., the employer of the said Bill Anderson and for whom he was conducting the demonstration and contest.
Both the defendant and the third party defendant filed peremptory exceptions urging identical grounds for the dismissal of plaintiffs’ action.
Briefly stated, the deficiencies of plaintiffs’ petition urged by defendant and third party defendant are:
1. Although alleging the demonstration and contest was held in a dangerous place, the petition does not disclose how the alleged dangers of the location had anything to do *760 with the unknown person stepping on plaintiff’s foot;
2. Plaintiffs claim that defendant was negligent in failing to have the area cordoned off, but fails to disclose how the lack of a cordon caused the accident; and
3. There is a lack of any allegation in the petition of any breach of any legal duty owed by defendant to plaintiffs.
Further, the third party defendant contends the third party petition fails to allege or disclose any legal basis for recovery of indemnity by defendant against third party defendant.
The standard of conduct required of the defendant in this type accident is the same as that owed to any business invitee. It is no greater. If the plaintiff is to find a cause of action in the circumstance which gave rise to her injury, it must be grounded within the terms of LSA-C.C. Article 2316 which pronounces the liability of persons who damage others by their negligence, imprudence and want of skill. The defendant is not liable to the plaintiffs unless it was neglectful of a duty owed to Mrs. Bennett.
The defendant is not an insurer of the safety of the plaintiff while on its premises. Defendant owes to all business invitees the duty of exercising reasonable care for their safety. See Gibson v. J. C. Penney Company Inc. (La.App.1946) 165 So.2d 584, and the cases cited therein. In addition to this pre-requisite of liability on the part of the owner of the premises, the negligence must be the proximate cause of the injury. There must be a causal rela: tionship between this negligence and the injury complained of by plaintiff.
In the plaintiffs’ petition nowhere is it pointed out what act of negligence the defendant committed that could possibly be construed as the proximate cause of the injury. In sub-paragraph a. the plaintiffs allege that defendant sponsored and/or promoted “a demonstration and contest in an unsafe area” but wherein is the patio near the entrance to the appliance department of defendant’s store an unsafe area ? There is no allegation of what unsafe condition the defendant permitted to exist on the patio.
Referring now to sub-paragraphs b, c, and d, as quoted supra, and for the purpose of consideration of this peremptory exception all well pleaded facts are taken as true, we find there is no causal relationship between the facts alleged and the manner in which plaintiff received her injury. The sole proximate cause of this injury was the gross carelessness of the person in front of plaintiff who stepped backwards without first determining it could be done without injuring someone. The absence of someone to- supervise the shoppers had nothing to do with an unknown person stepping on the plaintiff’s foot, likewise the presence of vehicular traffic and itinerants has no causal relationship to the accident, nor do we see wherein that can be said to be a negligent act. With the same reasoning it must be said that the failure to rope or otherwise cordon off the area or in failing to mark off and police the area had no causal relationship to the accident.
In 65 C.J.S. Negligence § 104, page 650 we find the following which is apropos to our consideration of plaintiff’s accident:
“Although a person may be negligent in the performance or omission of some duty owed to the person injured, no liability attaches unless it appears that there was a causal connection between such negligence and the injury, and the negligence charged was the proximate or legal cause of the injury, rather than a remote cause, or one merely causing a condition providing an opportunity for other causal agencies to act.”
Therefore, assuming for the purpose of discussion that defendant was negligent in all of the specifications alleged, there would still be no liability on its part for lack of causal connection or relationship between such acts and the fact of injury.
*761 Proximate cause has many definitions. We quote one found in 65 C.J.S. Negligence § 103, page 647:
“ ‘Proximate cause,’ it has been said, is one in which is involved the idea of necessity, and one from which the effect must follow, while ‘remote cause,’ although necessary for the existence of the effect, is one the existence of which does not necessarily imply the existence of the effect.”
In Bell v. Feibleman & Co. Inc. (La.App.1935) 164 So. 273, the plaintiff was injured as the result of falling over the platform of an automatic weighing machine located near the passageways through which customers entered defendant’s large department store in the City of New Orleans. She charged the defendant with negligence in placing the weighing machine at the spot where it was located, and contended the Ranger of the machine so located was rendered greater by reason of the extraordinary large crowd which defendant had on that day attracted to its store by advertising the arrival of “Santa Claus.” In holding in favor of the defendant, the court said:
“(1) A storekeeper is not the guarantor of the safety of his patrons. He must use ordinary care to maintain aisles and passageways in a reasonably safe condition.
* * X * ' * *
“(2, 3) * * * It will not do to say that the accident would not have occurred had the machine not been there at all, because it might just as well be said that the accident would not have occurred had plaintiff not gone to the store. * * * Even when there are large crowds it is not to be anticipated that persons will be pushed by the crowd into unusual places or positions. Obviously it cannot be said that defendant was negligent in attracting so large a crowd to its establishment. It has often been held that no liability results from the fact that large crowds have been attracted to stores or business places, provided, of course, the necessary standard of care is exercised in view of the extraordinary size of the crowd.”
See Annotation' — -Liability of proprietor for injury to customer or patron caused by pushing, crowding, etc., or other patrons, 20 ALR2d 8.
In their brief, the plaintiffs contend “(H) ad the area of the demonstration been roped or cordoned off in the proper manner, the crowd could have witnessed same in a large circle single file instead of ‘bunched up’ around the contestants, two, three and four deep.” There is no causal relationship between the manner in which the spectators were viewing the demonstration and this lady’s injury.
Plaintiff cites Gosey v. Kansas City Southern Railway Co. (La.App. 1958) 100 So.2d 311 for the pronouncement that the owner or person in charge of property owes to his invitees the duty of exercising reasonable or ordinary care for his safety commensurate with the particular circumstances involved. Certainly this is a correct statement of the duty owed by the owner to an invitee. The case of Regenbogan v. Southern Shipwrecking Corporation et al. (La.App.1949) 41 So.2d 110, is cited for the holding that in determining whether owner, occupant or person in charge of premises has exercised reasonable or ordinary care, the use of and purposes for which premises are primarily intended may be considered. In neither of these cases was there the negligence of a third party the proximate cause of injury.
Another case cited by plaintiffs is Steagall v. Houston Fire & Casualty Insurance Co. (La.App.1962) 138 So.2d 433. Therein the court, in passing on whether the petition alleged a cause of action, stated the exception must be overruled unless its allegations affirmatively establish that under no facts admissible under the allegations of the petition does he have a cause of action.
*762 We are holding herein if we consider as true all of the facts alleged in their petition, still the plaintiffs cannot recover for the reason the proximate cause of the injury to Mrs. Bennett was the negligent act of an unknown third party. In holding the demonstration on the patio near the entrance to defendant’s building, it was not reasonably foreseeable nor a normal incident of the assembly of persons watching the spinning of tops a person, when asked to give the participants more room, would step backwards onto the plaintiff’s foot causing the injury complained of herein. There is no inherent danger in the assemblage of a crowd of people. The success of any business serving the public is to attract customers in volume and great number. Present day merchandising demands an attractiveness to a large patronage. There was no pretense in any of the allegations of plaintiffs’ petition to show unruliness of the people watching the demonstration, or that the persons assembled were uncontrollable.
For the foregoing reasons, under the facts alleged, we find as a matter of law the plaintiffs cannot recover, and accordingly, the judgment of the District Court is affirmed at appellants’ cost.
Affirmed.