STOULIG, Judge.
This is an appeal from a judgment awarding plaintiff, Justina Williams, $3,150 for. injuries she allegedly incurred on or about July 31, 1974 in McCrory’s Department Store in the City of New Orleans. Plaintiff alleged she was struck from behind and knocked off balance by a store security guard or a fleeing shoplifter he was pursuing. Defendants, McCrory’s Department Store; Rapid American, the store’s management corporation; and CNA Insurance Company, the liability insurer, have appealed, seeking reversal on liability, or alternatively, a reduction in quantum.
Plaintiff testified she was shopping near the wig counter in McCrory’s Department Store when she heard disturbing noises and saw a crowd (which she approximated to be about 50 people) rushing down the aisle toward the street exit. Frightened, she began moving with the crowd and suddenly was struck from behind. After partially falling and regaining her balance, she glanced around and saw the security guard struggling with the shoplifter suspect “an arm’s length” away. She maintains one or the other struck her.
Although Leon DeJean, the security officer, testified he did not bump plaintiff, he conceded it was possible he could have bumped into her but doubted that he did. C. H. Handley, the manager of the store, and Verlie Guidry, a clerk, witnessed the entire incident and stated unequivocally neither the suspect nor the guard came into contact with the plaintiff at any time.
From the standpoint of liability the only serious question suggested by the record is the credibility of the plaintiff, who is either superlitigious or most unfortunate, depending on your point of view. In November 1973 she was in an automobile accident; in April 1974, she was in an automobile accident but was only “slightly shook up”; in July 1974, the McCrory incident occurred; and in November or December 1974, she fell in D. H. Holmes Department Store. Even with this background, the trial judge, who had the opportunity to hear and view the witness, apparently concluded that from plaintiff’s viewpoint, 1974 was not a mint year.
In the opinion of the writer the evidence does not preponderate in favor of the trial court’s conclusion that the plaintiff was struck by either the shoplifter or the security guard. However, the appellate limitation on reversing credibility mandated by the Supreme Court compels us to affirm.
Accepting plaintiff’s version of the story, the security guard was negligent. The store was crowded when a clerk loudly advised DeJean that one of the customers had slipped merchandise into a package. At the same time the guard was alerted, so was the shoplifter, who looked at DeJean and began fleeing toward the exit. DeJean, between 10 and 15 feet away, pursued and caught the suspect.
New Orleans Police Officer Henry Ot-nott, tendered and accepted as an expert in *727 law enforcement and public safety, testified no attempt should be made to apprehend shoplifters if patrons in the store are placed in jeopardy by so doing. In a given situation of being alerted to the presence of a shoplifter in a crowded store, it is not good police practice to pursue the suspect if the shoppers are endangered. This is the un-contradicted opinion of Officer Otnott.
While a store is not the insurer of every patron (Bennett v. Sears, Roebuck & Company, 183 So.2d 757 (La.App. 1st Cir. 1966)), it is liable when an agent takes an unreasonable risk that might cause harm to others. Smolinski v. Taulli, 276 So.2d 286 (La.1973). In this cause the guard deviated from approved police procedure by attempting to apprehend a shoplifter in a situation that could predictably cause injury to a patron.
Obviously the trial court based its conclusion of negligence upon the plaintiff’s version of the incident and because the affirmative defense of contributory negligence was not proved we affirm on liability.
- As to quantum, the medical evidence is to the effect that plaintiff suffered “posterior thoracic and lumbosacral strain” and complaints of the sacroiliac joint and knee, coupled with post traumatic anxiety. Because the medical expert was Dr. Morris Klinger, a general practitioner, we did not assign a great deal of weight to diagnosis of mental disability. Dr. Klinger treated plaintiff from Ahgust 5, 1974 (the accident occurred July 31) through September 23, 1974 and at this time his prognosis was that she would recover completely within four months.
We will not disturb an award of $3,150 because, under the circumstances, the trial judge did not abuse the “much discretion” vested in him by C.C. art 1934(3) in fixing quantum. Fontenot v. Steenocker, 263 So.2d 59 (La.App. 4th Cir. 1972).
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.