NATALIE P. VALARIO, Plaintiff-Appellant, *v.* RAYMOND J. HELSDON, d/b/a People's Remodeling and Improvement Center, Defendant-Appellee.

Second District   No. 77-345

Opinion filed December 22, 1978.

William S. Freek, of Belvidere, for appellant.

Curtis R. Tobin, II, of Johnson, Johnson, Tobin & Ramon, of Belvidere, for appellee.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Defendant agreed to install built-up roofing on two industrial buildings to be built by the plaintiff. Approximately one year after the completion of the work the roof began to leak extensively. Plaintiff sued for damages claiming that although defendant made some repairs the

failure to install flashings in accordance with the contract and specifications resulted in the loss; and that the work did not comply with reasonable standards of quality of workmanship. In a bench trial the judge found that since there were alternate ways to install the flashings the damages could be explained by the method of construction chosen by the plaintiff and that therefore he need not consider whether the flashing was extended over the parapet of the building wall as required by the specifications. He also found that defendant generally performed in a workmanlike manner and in accordance with the specifications. The plaintiff appeals from the resulting judgment entered for the defendant, contending that it is against the manifest weight of the evidence.

■■ Preliminarily, we must reject defendant's argument that the issue of breach of contract has been waived because it was included with a claim based on fraud in count I of the plaintiff's complaint; and not in a separate count in conformity with section 33(2) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 33(2)). The defendant did not object at trial to the defect in the pleading and has therefore waived the issue. (See Ill. Rev. Stat. 1977, ch. 110, par. 42).) In addition, the case was tried with full consideration of the breach of contract issue, findings were made on the question by the trial judge and we therefore consider it properly before us.

The roofing contract included the provision:

"4. Flashings: Felts to be installed over parapet wall flashing 1½ blocks high-capped with heavy duty smooth rolled roofing mopped in and glazed."

We cannot agree with the trial judge's conclusion that there was no need to show that this provision of the contract was met; and we further find that the clear weight of the evidence shows that it was not performed and that the failure resulted in the damage claimed.

While defendant and his foreman testified that the roofing material had been placed over the top of the parapet it was agreed that it was not in place at the time of the suit. The record, in our view, clearly shows that no trace of the material or the asphalt which would be used to attach the flashings could be seen on the wall. A number of witnesses for the plaintiff testified that the felt and tar paper material for the flashing were not installed over the parapet wall and that no trace of them could be seen. While the defense sought to show that the material had been cut off and removed the witnesses admitted that this would be difficult to do without leaving some trace; and further admitted that in a different portion of the building which was not involved in the particular water damage the roofing material was not laid across the roof, up the parapet and over the top of the parapet.

The trial judge did not find, of course, that the flashing had been

installed over the top of the parapet or even that it went up to the top of the parapet wall. He relied upon testimony that there were other possible causes for the water problem. However, there was no proof that the contract was substantially performed in some alternative way. The most that could be said of the evidence is that there are indications that there may have been other defects in the building which could contribute to a water problem: that the slope of the roof was improper, that the mortar was missing in the walls and the coping stones, that the drip line and the coping stone was improperly aligned over the wall, that the welder had burned holes in the decking, and that the parapet was too low.

■■ Defendant's foreman, however, admitted that even if the water collected on the roof because of the slope it would not come through if the roof were properly constructed; admitted that the lack of mortar in the coping stone would not cause the leakage if the roofing were properly laid over the parapet; and conceded that the holes burned in the sheeting could be rectified by the way the felt is laid and by sealing the hole with asphalt, which was not done. While there is some evidence that the coping stone was improperly laid causing the drip line to be placed over the wall rather than away from it, the evidence did not indicate that this condition existed around the entire building. The fact that two stones were out of place would not account for the extensive damage. David Rogers, 'an architect, testified for the defendant that in his experience buildings normally had a higher parapet which would allow base flashing or roofing to go high enough on the parapet to reduce the likelihood of snow penetrating the wall. However, the low height of the parapet wall is not a persuasive cause of the damage since it would cause leakage only when there was a deep snow whereas the evidence indicated a serious water problem after rainfall. It should further be noted that the architect testified to various alternative means of flashing with the use of metals, but that there was no evidence that any such flashings were used. Finally, defendant's foreman agreed that the water was entering the building because the roofing material over the parapet was not in place, although he coupled this with his view that it had been removed.

We conclude that the trial court's determination was against the manifest weight of the evidence. We therefore reverse the judgment and remand the cause to the trial court for a new trial.

Reversed and remanded.

NASH and WOODWARD, JJ., concur.