ROBERT J. COLOMBO, Plaintiff-Appellant, v. WAL-MART STORES, INC., Defendant-Appellee.

Fifth District   No. 5—98—0357

Opinion filed April 9, 1999.

Donald R. Brandon, of Herrin, for appellant.

J.C. Mitchell and John E. Bradley, both of Mitchell, Mitchell & Bradley, of Marion, for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

The plaintiff, Robert Colombo, brought an action against the defendant, Wal-Mart Stores, Inc. (Wal-Mart), to recover damages sustained when he was knocked over and injured by a fleeing shoplifter who had been under the control of Wal-Mart security. The trial court dismissed the complaint for its failure to state a claim for which relief could be granted. Plaintiff's appeal asserts that the trial court erred in dismissing his complaint, because he adequately alleged a duty on the part of Wal-Mart to protect its business invitees from the danger posed by a fleeing shoplifter after the shoplifter had been apprehended and because defendant negligently controlled the shoplifter. For the following reasons, we reverse and remand.

On March 2, 1995, plaintiff was shopping at the Wal-Mart Superstore in Carbondale, Illinois. At the same time, Wal-Mart security personnel apprehended a suspected shoplifter outside the Wal-Mart store and detained him for questioning. The security personnel escorted the suspected shoplifter back into the Wal-Mart store, presumably for more questioning or to wait for police. Once back in the store, the suspected shoplifter broke free from security and attempted to flee. Plaintiff was struck by the fleeing suspect and was knocked into a shopping cart and to the ground. Plaintiff's complaint alleges that, once security had detained the suspected shoplifter and brought him back into the store, Wal-Mart owed plaintiff a duty of care to protect him from the suspected shoplifter.

An appeal from the granting of a motion to dismiss requires the reviewing court to determine whether the complaint, viewed in the light most favorable to the plaintiff, alleges sufficient facts to establish a cause of action upon which relief may be granted. *Murillo v. Page*, 294 Ill. App. 3d 860, 864, 690 N.E.2d 1033, 1037 (1998). Plaintiff asserts that the complaint in this case states a valid claim for negligence. To state a legally sufficient cause of action for negligence, plaintiff must allege the existence of a duty owed by defendant to plaintiff, a breach of that duty, and an injury proximately caused by that breach. *Betts v. Crawshaw*, 248 Ill. App. 3d 735, 738, 618 N.E.2d 1262, 1265 (1993). The question of whether a duty sufficient to sup-

port a negligence claim exists is an issue of law to be reviewed *de novo*. *Loomis v. Granny's Rocker Nite Club*, 250 Ill. App. 3d 753, 755, 620 N.E.2d 664, 665-66 (1993). In determining whether a duty exists in a particular case, a court must weigh the foreseeability of the injury, the likelihood of the injury, the magnitude of the burden of guarding against it, and the consequences of placing that burden on the defendant. *Kirk v. Michael Reese Hospital & Medical Center*, 117 Ill. 2d 507, 525, 513 N.E.2d 387, 396 (1987).

In dismissing plaintiff's claim, the trial court relied upon the fourth district case of *Brown v. Jewel Cos.*, 175 Ill. App. 3d 729, 530 N.E.2d 57 (1988). In *Brown*, the court was faced with a similar, but readily distinguishable, set of facts. The plaintiff in *Brown*, as in this case, was knocked down in a retail store by a fleeing shoplifting suspect who was being chased by guards. *Brown*, 175 Ill. App. 3d at 731, 530 N.E.2d at 58. In that case, however, the security personnel had not yet asserted any control over the suspected shoplifter when he began to run. Security had only confronted him inside the store. *Brown*, 175 Ill. App. 3d at 731, 530 N.E.2d at 58.

The court in *Brown* held that "security guards have no duty to refrain from pursuing suspected shoplifters *under the facts alleged*." (Emphasis added.) *Brown*, 175 Ill. App. 3d at 734, 530 N.E.2d at 59-60. The court explained that a rule against pursuit would be a substantial encouragement to shoplifting and would place an unreasonable burden upon the retailer because shoplifters who are stopped will flee whether they are chased or not. *Brown*, 175 Ill. App. 3d at 734, 530 N.E.2d at 59-60. The court also pointed out that the likelihood of *very serious injury* is not great and is not increased because of a guard's pursuit. *Brown*, 175 Ill. App. 3d at 734, 530 N.E.2d at 59. Such is not the case here.

■ In the present case, the shoplifter was detained and was under the control of Wal-Mart security. Security personnel brought the suspect back into the store, where he broke free and ran. There is no "to chase or not to chase" issue involved in this case. There was little or no chance that the suspect would injure a customer outside the store. When security brought the suspect back into the store, the likelihood of injury to Wal-Mart customers increased. To hold that security personnel who detain a suspect and escort the suspect back into a store have a duty to protect their customers from that suspect does not encourage shoplifting or burden the retailer. It is readily apparent, as noted in *Brown*, that a shoplifting suspect will flee. It is equally foreseeable that the same fleeing suspect will run into a customer. We, therefore, hold that, once security personnel undertook the duty of detaining the suspect and escorting him back into the store, they were

under a duty to use reasonable care in carrying out that process. See *Phillips v. Chicago Housing Authority*, 89 Ill. 2d 122, 127-29, 431 N.E.2d 1038, 1040-41 (1982) (the failure to properly complete or carry out an assumed duty imposes liability in the same manner as for dangers affirmatively created during the course of the assumed undertaking); see also *Bolden v. Winn Dixie*, 513 So. 2d 341 (La. Dist. Ct. App. 1987) (the Louisiana Fourth District Court of Appeals reached the same conclusion we do today on an indistinguishable set of facts). Plaintiff has adequately alleged that Wal-Mart breached that duty and that he was injured as a result of that breach.

Accordingly, we reverse the trial court's dismissal of plaintiff's complaint and remand to the circuit court for further proceedings.

Reversed and remanded.

WELCH and HOPKINS, JJ., concur.