[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13800
Non-Argument Calendar
_____

D.C. Docket No. 3:15-cv-00613-DAB

MICHAEL BONNER,
ANGELA BONNER,

Plaintiffs-Appellants,

versus

TRUSTMARK CORPORATION,
TRUSTMARK NATIONAL BANK,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(March 2, 2018)

Before ED CARNES, Chief Judge, TJOFLAT, and NEWSOM, Circuit Judges.

PER CURIAM:

Early one morning, Michael Bonner went to the Trustmark Bank in Opelika, Alabama, to make an after-hours deposit on behalf of his employer.  The after-hours deposit box is a walk-up box attached to the front of the bank.  In its security manual, Trustmark includes minimum lighting standards for after-hours deposit boxes.  That morning the Opelika branch was not in compliance with those standards.  As Bonner approached the box, an unknown man robbed and shot him.

Bonner and his wife brought a negligence claim against Trustmark in federal district court based on diversity of citizenship, and the bank moved for summary judgment.  The district court found that Trustmark did not have a duty to protect Bonner from the unforeseeable criminal act of a third party and entered summary judgment in Trustmark's favor.  This is the Bonners' appeal.

We review de novo a grant of summary judgment.  See Holly v. Clairson Indus., LLC, 492 F.3d 1247, 1255 (11th Cir. 2007).  "Summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law."  Johnson v. Bd. of Regents of the Univ. of Ga., 263 F.3d 1234, 1242 (11th Cir. 2001).

Under Alabama law a store owner has no initial duty to protect customers from the unforeseeable criminal acts of third parties that take place on his property.  Broadus v. Chevron U.S.A., Inc., 677 So. 2d 199, 203 (Ala. 1996).  But if an owner chooses to act, despite having no duty to do so, then he must act with due

care.  Herston v. Whitesell, 374 So. 2d 267, 270 (Ala. 1979); see also Raburn v. Wal-Mart Stores, Inc., 776 So. 2d 137, 139 (Ala. Civ. App. 1999) ("Alabama law recognizes the principle that liability to third parties can result from the negligent performance of a voluntary undertaking.").  The Bonners argue that Trustmark voluntarily assumed a duty of care when it adopted minimum lighting requirements for after-hours deposit boxes.[1]  We disagree.

The Alabama Supreme Court has held that a company does not assume a legal duty by merely including safety requirements in a company manual.  See Martin ex rel. Martin v. Goodies Distribution, 695 So. 2d 1175, 1179 (Ala. 1997) (concluding that a company's "act of including several safety precautions in the list of operating procedures . . . did not amount to the voluntary assumption of a legal duty").[2]  Because Trustmark did not voluntarily assume a duty of care, the district court did not err by granting summary judgment in favor of the bank.

---

[1] The Bonners brought claims for failure to warn, gross negligence, wantonness, recklessness, and loss of consortium.  They also argued that the court should extend Alabama common law premises liability to find that Trustmark owed Michael Bonner a duty.  The Bonners raise none of those arguments on appeal, and as a result have abandoned them.  AT&T Broadband v. Tech Commc'ns., Inc., 381 F.3d 1309, 1320 n.14 (11th Cir. 2004) ("Issues not raised on appeal are considered abandoned.").

[2] Contrary to the Bonners' assertions, the Alabama Court of Civil Appeals did not hold differently in Raburn v. Wal-Mart.  In that case the court held that a company voluntarily assumed a duty of care in apprehending shoplifters when it authorized its employees to stop suspects in its "Shoplifter Apprehension Policy."  Raburn, 776 So. 2d at 140.  But that duty of care arose only when the employee, acting under the authority granted by the policy, chose to detain two suspected shoplifters.  Id.  The company owed its customer a duty of care not because it adopted a security policy, but because the employee voluntarily acted and that act was authorized by the company.

3

**AFFIRMED.**