**ALLIED STORES OF TEXAS, INC.,**
d/b/a Joske's, et al., Appellants,

v.

**Winifred McClURE, Appellee.**

No. 1267.

Court of Appeals of Texas,
Tyler.

Sept. 24, 1981.

Delno J. Grosenheider, David M. Moore, Wilson & Grosenheider, Austin, for appellants.

Edward Berliner, Mullen & Berliner, Austin, for appellee.

SUMMERS, Chief Justice.

This suit for damages was brought by Winifred McClure against Allied Stores of Texas, Inc., d/b/a Joske's, Arvid Sundbeck, Ellen McChesney, Terry Ockletree and Carl Ray Thomas for personal injuries sustained by her as a result of being knocked down by a fleeing shoplifter. Damages of $35,582.00 were found by the jury, and the trial court rendered judgment for plaintiff McClure upon the verdict. Defendants Joske's, Sundbeck and McChesney appealed the case to this court, and on that appeal the cause was reversed and rendered in favor of said defendants (appellants herein) on the basis that there was no evidence of probative force to support the finding of proximate cause. 595 S.W.2d 165. The Supreme Court granted writ of error and thereafter reversed and remanded the cause to this court for determination of the points of error not heretofore considered. 608 S.W.2d 901.

The facts of the case are stated in the reported opinions of this court and the Supreme Court and need not be restated here.

Appellants' first, second and third points raise no evidence and insufficient evidence attacks against Special Issues Nos. 6 and 7. In answer to these special issues, the jury found the security guards (Sundbeck and McChesney) were negligent in pursuing the shoplifters after the peaceful arrest attempt failed and the guards' negligent pursuit was a proximate cause of Mrs. McClure's injuries.

The Supreme Court held there was some evidence to support the finding that Sundbeck's negligent act was a proximate cause of Mrs. McClure's injuries. We must now decide if that evidence was factually sufficient to support the jury's finding. In doing so, we have re-examined all the evidence and reviewed it in the light announced by the Supreme Court in *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951). We conclude that the evidence is factually sufficient and that none of the jury's answers to said special issues is so contrary to the great weight and preponderance of the evidence as to be manifestly wrong or unjust. Appellants' first, second and third points are overruled.

In their tenth point, appellants assert that the trial court erred in rendering judgment against appellants in the amount of $35,582.00 and refusing to grant appellants' motion for remittitur. Appellants contend the jury's award was excessive and the result of passion or prejudice.

In determining whether a verdict is excessive, an appellate court may review only that evidence which is favorable to the award, and the jury's determination will not be disturbed as excessive where there is any probative evidence to sustain the award. *Estate of Arrington v. Fields*, 578 S.W.2d 173, 181 (Tex.Civ.App.—Tyler 1979, writ ref'd n. r. e.); *Southern Pacific Transportation Company v. Peralez*, 546 S.W.2d 88, 98 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n. r. e.). The burden of establishing that the jury's evaluation of damages is erroneous is upon the complaining party. There must be some proof, circumstantial or direct, of bias or prejudice, and, in the absence of such proof, the appellate court must give every reasonable inference to the evidence in favor of the verdict. *Estate of Arrington v. Fields,* supra; *Hammond v. Stricken,* 498 S.W.2d 356, 363 (Tex.Civ.App.—Tyler 1973, writ ref'd n. r. e.) and cases cited therein. Since personal injury damages are unliquidated and not capable of measurement by a definite standard, the jury has large discretion in fixing the amount of the award and is entitled to consider the constant decrease in the value of the dollar. *Hammond v. Stricken,* supra at page 364; *J. A. Robinson Sons, Inc. v. Ellis,* 412 S.W.2d 728, 744 (Tex.Civ.App.—Amarillo 1967, writ ref'd n. r. e.).

**620**

In the instant case the damage award of the jury is amply supported by the testimony of Mrs. McClure, her expert medical witnesses, several eyewitnesses to the accident and two relatives. We are of the opinion, based on the record, that neither the verdict of the jury nor the court's judgment based thereon is excessive.

We have also considered appellants' eighth, ninth and eleventh points of error, and finding them to be without merit, the same are overruled.

The judgment of the trial court is affirmed.