469 So.2d 1057 (1985)
John F. MARTIN et al., Plaintiffs-Appellants,
v.
PIGGLY WIGGLY CORPORATION et al., Defendants-Appellees.
No. 16929-CA.
Court of Appeal of Louisiana, Second Circuit.
May 8, 1985.
*1058 Burkett and Chevallier by Don M. Burkett, Many, for plaintiffs-appellants.
Mayer, Smith & Roberts by Kim Hanson LaVigne, Shreveport, for defendant-appellee, Piggly Wiggly Corp.
Before JASPER E. JONES, FRED W. JONES, Jr., and LINDSAY, JJ.
*1059 FRED W. JONES, Jr., Judge.
This personal injury suit is for damages inflicted by a retreating shoplifter on patrons who accidentally got in his way. The trial court found that the defendant supermarket had no duty to protect patrons from unforeseeable or unanticipated intentional acts perpetrated by a third party. We affirm for the following reasons.
The facts of this case are undisputed. On Sunday, January 9, 1983, a known shoplifter, Tasby, entered the Piggly Wiggly Grocery Store on West 70th Street in Shreveport. Rebecca Hinton, a "Loss Prevention Specialist" [security guard] in the store, recognized Tasby and tried to call the police. Unable to complete the call, she hurried in the direction that Tasby had taken. Upon reestablishing visual contact with Tasby, Mrs. Hinton saw him eating a bag of doughnuts. She approached Tasby and reminded him of her previous warning not to return to the store. Mrs. Hinton then asked Tasby if he intended to pay for the doughnuts and "he got nasty."
Pursuant to store procedures, Mrs. Hinton asked Tasby to accompany her to a security area away from the other customers. He went quietly. At this time a male security guard, B.J. Daniels, joined Mrs. Hinton and the assistant manager was signaled to call police. Daniels searched Tasby and located a package taped on his chest underneath his coat. Tasby was advised that he was being detained until police arrived. At this point Tasby started "bending over," indicating to Daniels that he was about to run. Mrs. Hinton then tried to handcuff Tasby. After placing the handcuffs on one of his wrists, she was knocked to the floor by a woman who had come to Tasby's aid. Tasby slipped from Daniels' grasp and ran through the store toward the outside.
In the course of his flight, Tasby hit John Martin [store patron] in the shoulder, causing him to fall back onto his granddaughter, Millicent Monk. When Martin tried to get up, Tasby struck him in the mouth with the handcuffs that were still dangling from his arm. Tasby continued out of the store. He was later apprehended by police.
This suit was initiated by Martin and his granddaughter's tutrix against Piggly Wiggly seeking damages for personal injuries resulting from the actions of Tasby. From the adverse judgment, plaintiffs appealed, specifying the following alleged negligent conduct chargeable to Piggly Wiggly: (1) failure of security guard to immediately contact the police upon observing Tasby; (2) failure to have a "secure room" for detaining shoplifting suspects; (3) failure of employees to adequately subdue the suspect, thereby allowing him to escape; (4) failure of employees to allow the suspect to escape without chase so he would not injure patrons in his way; and (5) failure to keep the aisle free from an accumulation of goods.
The analysis in cases such as this was recently set forth by the Louisiana Supreme Court in Harris v. Pizza Hut of Louisiana, Inc., 455 So.2d 1364 (La. 1984). Applying a duty-risk approach, the inquiry is: (1) whether the conduct of which the plaintiff complains was a cause in fact of the harm; (2) whether there was a duty on the part of the defendant to protect against the risk involved; (3) whether there was a breach of that duty. In this context, we turn to appellants' arguments.
Appellants first complain that the police should have been notified immediately when Tasby was sighted in the store. Owners of businesses who permit the public to enter their establishments have a duty to exercise reasonable care to protect those who do enter. The duty can be discharged by summoning the police "at the time the proprietor knows or should reasonably know of the third person's intention and apparent ability to execute the intended acts." Rodriguez v. New Orleans Public Service, Inc., 400 So.2d 884, 887 (La.1981), (emphasis added).
In this case it is clear that the police were summoned before Tasby exhibited any violent tendencies. Tasby started resisting after he was searched and was told *1060 he was going to be detained until the police arrived. Mrs. Hinton also testified that Tasby had never been violent or tried to escape before. Appellants' first complaint is without merit since the defendant reasonably discharged its duty to summon law enforcement authorities.
Appellants' second argument is that Piggly Wiggly should provide a "secure room" to detain shoplifting suspects until police arrive. The defendant's practice of isolating suspects from other customers and handcuffing them if they show signs of resistance is a reasonable discharge of any duty it has to protect customers from potentially dangerous suspects. Supermarkets have no obligation to maintain jail-type facilities, especially in light of the fact that very few shoplifting suspects offer violent resistance or pose any threat of harm to the public.
Failure to adequately subdue this suspect is appellants' third complaint. Were the steps taken to subdue Tasby reasonable? "But for" the unforeseen complicity of Tasby's woman friend who prevented him from being handcuffed, it is unlikely that Tasby would have been able to harm anyone. According to testimony of the Director of Loss Prevention, his guards were following standard procedure in detaining the suspect. Before the unanticipated intervention, all the steps taken to detain the suspect were successful. Appellants have failed to show how the guards acted unreasonably, consequently we find no breach of any duty by the store to detain the suspect. Furthermore, the cause of Tasby's flight was the intervention of his friend rather than anything done by the guards.
The fourth argument of the appellants is that by chasing Tasby the guards caused him to strike Martin. This contention fails for lack of proof of causation. Appellants have not shown that Tasby would have run any slower or with any less vigor if he had not been pursued. There is no evidence to show that Tasby would not have knocked over patrons in his haste to exit the store "but for" the chasing security guards.
Finally, appellants assert that stores have a duty to maintain their aisles free from an accumulation of goods. Ferrington v. McDaniel, 336 So.2d 796 (La. 1976). The duty to keep aisles clear of obstructions is designed to protect against the risk that customers will trip and fall. The scope of this duty does not encompass the risk that a shoplifter running down a narrow aisle will collide with a customer. Furthermore, appellants failed to prove that "but for" the narrowed aisle Tasby would not have struck Martin.
In conclusion, we find that Piggly Wiggly breached no duty encompassing the risk that a fleeing shoplifter would run into a patron of the store. Therefore, we affirm the trial court judgment and assess all costs of appeal to the appellants.