477 So.2d 925 (1985)
Mary Louise THOMAS
v.
WINN DIXIE LOUISIANA, INC.
No. CA-2681.
Court of Appeal of Louisiana, Fourth Circuit.
October 11, 1985.
*926 Elliot G. Snellings, Drury & Tabb, New Orleans, for plaintiff-appellee.
Dorsey, Walker & Chisholm by Bradford H. Walker, River Ridge, for defendant-appellant.
Before BYRNES, LOBRANO and ARMSTRONG, JJ.
ARMSTRONG, Judge.
Defendant, Winn Dixie Louisiana, Inc. (Winn Dixie), appeals from a trial court judgment finding it negligent in the manner in which it treated a suspected shoplifter.
Plaintiff, Mary Louise Thomas, is the sole chef and half owner of Mais Oui Restaurant on Magazine Street in New Orleans. Ms. Thomas frequently shopped for provisions for her restaurant at the Winn Dixie store on Prytania Street.
On July 15, 1980 she went to Winn Dixie to shop. As Ms. Thomas often did, she obtained a brown bag from the front of the store. Ms. Thomas decided to purchase 24 boxes of cornbread mix which she placed in the brown paper bag inside of the shopping cart. Another customer, Richard Baum, saw Ms. Thomas place the cornbread mix in the paper bag. Mr. Baum thought that Ms. Thomas might be shoplifting so he reported her actions to the manager and the security guard, an off-duty New Orleans Police Officer.
Eventually Ms. Thomas reached the check out counter, where she paid for all of her purchases including the 24 boxes of cornbread mix. Mr. Bowman, the security guard, then inquired of Ms. Thomas and the cashier whether Ms. Thomas had paid for all of the groceries. The cashier responded that Ms. Thomas had paid for her purchases. Ms. Thomas responded to the question by saying, "Are you kidding?" At the request of the security guard Ms. Thomas was then ushered to the rear of the store. There is controverted testimony at this point. Ms. Thomas testified that the security guard examined her purse and told her that she could go. The security guard testified that Ms. Thomas shoved her purse at him in a belligerent manner and said, "Check my purse if you think I'm shoplifting". At any rate the security guard searched Ms. Thomas' purse and found nothing. Ms. Thomas then left the store.
After a trial on the merits the trial court held that Winn Dixie was negligent in its treatment of the plaintiff and awarded her $22,500 in damages.
In its reasons for judgment the trial court states:
This Court is of the opinion he (the security guard) was negligent in not doing two things. One: Following her right in the aisles to ascertain himself as to what was going on rather than taking the word of a lay person ... Secondly: He was negligent in not coming to the conclusion that if a person goes through the shopping line and puts all of their groceries on a conveyor, then that person *927 would not be in the process of shoplifting...
Also, I find that Officer Bowman was guilty of negligence in saying to the cashier in an audible voice, did Ms. Thomas, did Ms. Thomas pay (sic). In essence, did Ms. Thomas pay for all of the groceries, more particularly everything in the bag.
For the afore-quoted reasons the trial court determined that Winn Dixie was negligent under LSA-C.C. Art. 2315.
On appeal defendant asserts that the trial court erred in finding defendant negligent under LSA-C.C. Art, 2315 rather than applying the standards set forth under LSA-C.Cr.P. Art. 215.[1] Furthermore, defendant asserts that Ms. Thomas was never actually detained. Additionally, defendant claims that the damages awarded by the trial court are excessive.
We do not agree with the appellant. There is civil liability under LSA-C.C. Art. 2315. Not only must the storekeeper have reasonable cause to initiate an investigation of a customer in regard to shoplifting, but the method and extent of the inquiry must also be reasonable to afford the store immunity from civil liability under LSA-C.C. Art 2315. Lindsey v. Sears Roebuck & Co., 389 So.2d 902 (La. App. 4th Cir.1980).
In this instance the extent of the inquiry was excessive. Once the security guard determined that Ms. Thomas had paid for all of her groceries his inquiry should have ended. Instead, Ms. Thomas was taken to the rear of the store and her purse searched.
Ms. Thomas testified that as a result of her experience in defendant's store she suffered a great deal of emotional trauma. Ms. Thomas' emotional distress was corroborated by her daughter and Fred Davis, Ph.D., who testified that Ms. Thomas suffered from post traumatic stress reaction as a result of this incident. Patricia Sutker, Ph.D., also testified that Ms. Thomas suffered a psychological reaction to the incident at Winn Dixie, however, Dr. Sutker characterized Ms. Thomas' reaction as milder than Dr. Davis characterized it. Dr. Davis examined Ms. Thomas 18 months after the incident, and Dr. Sutker examined her over 2 years after the incident. Both doctors agreed that when they talked to Ms. Thomas she was still suffering from the psychological effects that the incident had upon her. In making its award the trial court stressed how impressed it was with Ms. Thomas' sincerity and with the conclusions of the psychologists.
When damages are not susceptible of precise measurement, much discretion shall be left to the court for the reasonable assessment of these damages. LSA-C.C. Art. 1999.
The law is plain and means what it says, and it is the duty of all appellate courts to follow it. Under this rule the amount of damages assessed by the judge or jury should not be disturbed unless the appellate court's examination of the facts reveals a clear abuse of the discretion vested in the trial court.
Reck v. Stevens, 373 So.2d 498, 501 quoting Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127, 132 (1967).
Under these circumstances we cannot say that the trial judge abused his discretion in awarding Ms. Thomas $22,500.
In sum we hold that under the circumstances of this case defendant should be held liable for the emotional trauma suffered by Ms. Thomas. We also hold that the amount of the trial court's damage award was not excessive.
*928 For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.
BYRNES, J., concurs in part, dissents in part.
BYRNES, Judge, concurring in part, dissenting in part.
I respectfully concur in the finding of liability reached by the majority. However, in my opinion, the amount awarded by the trial court was excessive.
While the evidence shows that Ms. Thomas suffered damages as a result of the incident, it does not adequately support an award of $22,000.00. In my opinion the award was an abuse of discretion and should be reduced.
NOTES
[1] Art. 215. Detention and arrest of shoplifters.

A. (1) A peace officer, merchant, or a specifically authorized employee or agent of a merchant, may use reasonable force to detain a person for questioning on the merchants' premises, for a length of time not to exceed sixty minutes, when he has reasonable cause to believe that the person has committed a theft of goods held for sale by the merchant, regardless of the actual value of the goods. The merchant or his employee or agent may also detain such a person for arrest by a peace officer. The detention shall not constitute an arrest.