513 So.2d 341 (1987)
Willie Joe BOLDEN
v.
WINN DIXIE & XYZ Insurance Company.
No. CA-6271.
Court of Appeal of Louisiana, Fourth Circuit.
September 4, 1987.
Writ Denied November 20, 1987.
Julian G. Baudier, Robert, Katz, Baudier & Broussard, New Orleans, for plaintiff-appellee.
Elizabeth S. Cordes, Christovich & Kearney, New Orleans, for defendant-appellant.
*342 Before CIACCIO, WARD, WILLIAMS and ARMSTRONG, JJ., and CADE, J. Pro Tem.
ARMSTRONG, Judge.
Plaintiff, Willie Joe Bolden, sued Winn Dixie for injuries she sustained from being knocked to the ground while store employees attempted to apprehend a shoplifter. A trial was held on April 30, 1986 and a judgment in the amount of $3,405.00 in favor of the plaintiff was rendered on May 2, 1986. Defendant, Winn Dixie appeals. We affirm.
At the trial Mr. Stepter, the manager of the meat department testified that he saw a man attempting to steal some pork chops. Stepter confronted the man and took him to the rear of the store to the meat cutting area. Stepter testified that while they waited for the police, who were being summoned by the store manager, he and another employee, Mr. Jones, continued with their work and a third employee, Mr. Carroll, guarded the shoplifter. Stepter testified that Caroll was talking to the shoplifter "but as he was talking to him the guy kind of relaxed and just really got careless and Mr. Caroll turned away and I turned away and at that point he (the shoplifter) broke out of the door running." In the ensuing chase the plaintiff was knocked to the ground, and suffered injuries to her back. Although there was conflicting testimony regarding the identity of the person who collided with Ms. Bolden, the weight of the testimony indicates that the shoplifter shoved Ms. Bolden to the side of the aisle, causing her to fall.
Appellant asserts that the trial court erred in making the following findings:
Applying the principles ennunciated in Harris v. Pizza Hut, 455 So.2d 1364 (Supreme Court, 1984) and in Martin v. Piggly Wiggly, 469 So.2d 1057 (2nd Cir.1985) the court concludes that the defendant Winn-Dixie is negligent under the facts and circumstances of this case. The employees should have paid more attention to the shoplifter and not relaxed their guard as indicated ...
In Martin v. Piggly Wiggly, supra, there was a similar factual situation. In that case a known shoplifter, Tasby, entered the Piggly Wiggly Store and began to eat some doughnuts. A store security guard approached Tasby and asked him to accompany her to a "security area." Tasby did so while an assistant manager summoned the police. A security guard then searched Tasby and discovered a package taped to his chest beneath his coat. At that point Tasby started "bending over," indicating to the security guard that he intended to run. As the guard attempted to handcuff Tasby she was knocked to the floor by a woman who had come to Tasby's aid. Tasby fled. He ran into a patron, Martin, causing him to fall on top of his granddaughter, and when Martin tried to get up Tasby struck him in the mouth with the handcuffs.
On behalf of himself and his granddaughter, Martin filed suit against Piggly Wiggly seeking damages for personal injuries resulting from Tasby's actions. The trial court rendered judgment in favor of Piggly Wiggly. Plaintiffs appealed claiming, among other things, that the employees failed to adequately subdue the suspect thereby allowing him to escape.
In reviewing that issue the Martin court applied the duty-risk analysis used in Harris v. Pizza Hut of Louisiana, 455 So.2d 1364 (La.1984), that court restated the analysis as follows:
Applying a duty-risk approach, the inquiry is: (1) whether the conduct of which the plaintiff complains was a cause in fact of the harm; (2) whether there was a duty on the part of the defendant to protect against the risk involved; (3) whether there was a breach of that duty.
Martin, 469 So.2d at 1059.
In its review of the evidence the Martin court noted that Tasby, a shoplifter known to the security guards at the Piggly Wiggly, and who had apparently been detained by them before, had not previously been violent or attempted to escape. The Martin court found that the defendant had not failed to adequately subdue Tasby reasoning as follows:
Failure to adequately subdue this suspect is appellants' third complaint. Were the steps taken to subdue Tasby reasonable? *343 "But for" the unforeseen complicity of Tasby's woman friend who prevented him from being handcuffed, it is unlikely that Tasby would have been able to harm anyone. According to testimony of the Director of Loss Prevention, his guards were following standard procedure in detaining the suspect. Before the unanticipated intervention, all the steps taken to detain the suspect were successful. Appellants have failed to show how the guards acted unreasonably, consequently we find no breach of any duty by the store to detain the suspect. Furthermore, the cause of Tasby's flight was the intervention of his friend rather than anything done by the guards.
Martin, 469 So.2d at 1060.
While the facts of the Martin case are somewhat similar, the factual differences between that case and the instant case are significant enough to require a different result.
As in Martin, the conduct of which the plaintiff complains in the instant case is the failure of the Winn Dixie employees to properly guard the shoplifter, thereby preventing his attempted escape.
Clearly, if the Winn Dixie employees had been more vigilant and not turned away while guarding the shoplifter he probably would not have attempted to escape as he did. Thus it is reasonable to conclude that the Winn Dixie employees' failure to guard the shoplifter caused the shoplifter to attempt an escape which led to Ms. Bolden's accident.
In addition, there can be no question that Winn Dixie had a duty in this instance. "Owners of businesses who permit the public to enter their establishments have a duty to exercise reasonable care to protect those who do enter." Martin, 469 So.2d at 1059. "Generally, there is no duty to protect others from the criminal activities of third persons. However, when a duty to protect others against such criminal misconduct has been assumed, liability may be created by a negligent breach of that duty." Harris, 455 So.2d at 1371 (citations omitted).
Once Winn Dixie employees undertook the duty of guarding the shoplifter they were bound to exercise reasonable care in carrying out that duty. There is no indication in the record that the employees of Winn Dixie had any prior dealings with the shoplifter herein. There is no evidence in the record to support a conclusion that the shoplifter was especially cooperative and tame. Furthermore, although the shoplifter did not resist when he was detained, it is clearly foreseeable that a person detained for willful criminal conduct will attempt to escape by running away if given the opportunity to do so. Relaxing one's guard and looking away while one is guarding a criminal under these circumstances is not reasonable. Winn Dixie's employees did not exercise reasonable care and hence Winn Dixie breached its duty to protect its customers.
In conclusion we find that the conduct of Winn Dixie's employees was a cause in fact of harm to one of its customers; that Winn Dixie had a duty to protect its customers; and that Winn Dixie breached that duty. Thus the trial court's finding that Winn Dixie was negligent is correct.
For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.
CIACCIO, J., dissents and assigns reasons.
CIACCIO, Judge, dissents and assigns reasons.
I would reverse the judgment of the district court. The Winn Dixie employees neither acted negligently nor breached any duty owed to plaintiff. The district court and the majority have misconstrued and misapplied Harris v. Pizza Hut of Louisiana, Inc., 455 So.2d 1364 (La.1984) and Martin v. Piggly Wiggly Corp., 469 So.2d 1057 (La.App. 2d Cir.1985).
Until the moment he ran the suspected shoplifter had exhibited no tendency toward violence and had given no indication that he might flee. Upon initial apprehension of the suspected shoplifter, store employees removed him from the public area *344 of the store, away from other customers, and detained him to await the arrival of the police in a secure area of the store to be watched by store employees otherwise engaged in their normal duties. Supermarkets have no obligation to maintain jail-type facilities, especially since very few shoplifting suspects offer violent resistance or pose any threat of harm to the public. Martin v. Piggly Wiggly Corp., supra, at 1060.
This shoplifter offered no resistance and appeared to pose no threat of harm to the public. Winn Dixie's procedure of calling the police (who arrived before the suspect reached the front of the store) and of isolating this non-violent, non-resisting suspect from other customers adequately discharged any duty it had to protect its customers from this suspect. Compare Martin v. Piggly-Wiggly Corp., supra. Any greater restraint imposed upon a suspect as cooperative and tame as this one may have exposed Winn Dixie to civil liability toward the suspect, because the method and extent of inquiry of a suspected shoplifter detained pursuant to La.C.Cr.P. Art. 215 must be reasonable to afford the store immunity from civil liability under La.C.C. Art. 2315. See Lindsey v. Sears Roebuck and Co., 389 So.2d 902 (La.App. 4th Cir.1980), and Thomas v. Winn Dixie Louisiana, Inc., 477 So.2d 925 (La.App. 4th Cir.1985).
Based upon this suspect's behavior prior to flight the store employees were not unreasonable in providing minimum security detention. Store employees need not be well acquainted with a suspect before being permitted to assess the suspect's behavior and reach conclusions regarding appropriate security. That the suspect may have fooled store employees does not equate with negligence, fault, or breach of duty.
The method of detention under the circumstances of this case was reasonable. Needing to balance the rights of the suspected shoplifter against protection of other store customers, the store employees executed a detention neither too restrictive nor too lax considering the behavior exhibited by the suspect.
Further, it was neither the method of detention nor the vigilance with which it was carried out which caused the suspect to flee and caused the suspect while fleeing to knock a store customer to the ground. The suspect's attempted escape was entirely his own idea. He was not invited, coaxed, goaded, or forced to flight. That he perceived, incorrectly as a matter of fact, that an opportunity to flee existed, was not the fault of store employees. Nor was it the fault of the store employees that the suspect's manner of flight exhibited a disregard for others.
Generally, there is no duty to protect others from the criminal activities of third persons. Harris v. Pizza Hut of Louisiana, Inc., supra, at 1371. The court in Pizza Hut held that one may assume to protect others from criminal misconduct, thereby self-imposing a duty to protect, from which liability may flow for negligent breach of the duty. In this case Winn Dixie did not assume to offer any greater duty toward its customers than that already imposed by the courts: to provide a safe place to shop. Winn Dixie did not assume to guarantee its customers protection from third-person criminal misconduct. Winn Dixie employees confronted and detained a suspected shoplifter. If the suspect had fled immediately upon confrontation and in his flight had injured a store customer, Winn Dixie could not be held negligent for confronting a suspected shoplifter. But because the suspect offered no resistance, only later exhibiting intentions to escape, the majority finds that the store employees caused the suspect to flee and caused him to flee in a manner disregardful of others. This finding the majority translates into La.C.C. Art. 2315 "fault" on the theory that closer vigilance of this passive suspect may have lowered his desire to escape. Simply because criminal misconduct brought injury to a store customer, the majority assumes a breach of a duty to protect. We should follow the conclusion of the court in Martin v. Piggly Wiggly Corp., supra, affirming the trial court finding "that the defendant supermarket had no duty to protect patrons from unforeseeable *345 or unanticipated intentional acts perpetrated by a third party." id. at 1059.
Even assuming a well articulated duty to protect, the only explanation offered as to why this passive suspect's sudden flight was foreseeable and anticipatable is that one need not be a prophet to anticipate a suspect's flight. That a suspected shoplifter will violently flee is not a self-evident truth. That violent flight should be anticipated is not supported by the record or the jurisprudence.
We must also remember that it was not the flight alone, but the manner of flight which resulted in injury. The majority opinion does not attempt to broach the issue of how store employees caused the suspect to flee in the manner he chose. The suspect need not have injured anyone when he fled. The suspect's flight and his manner of flight was neither caused by nor the fault of Winn Dixie store employees. It was the fault of the suspect who by his manner of flight caused plaintiff's injury.
Under the duty-risk analysis endorsed in Harris v. Pizza Hut of Louisiana, Inc., supra, and followed in Martin v. Piggly Wiggly Corp., supra: I do not find that any conduct of any store employee caused the suspect to injure the plaintiff; I do not find that the majority opinion articulates a duty which directly protects plaintiff from the risk of harm of the type which she suffered; and, recognizing Winn Dixie's duty to provide a safe place to shop, I cannot conclude that simply because an injury occurred, the duty was breached; I find no breach. Winn Dixie is not required to guarantee its customers' safety. Winn Dixie is not required to insure its customers against intentional criminal misconduct. The only basis for liability is La.C.C. Art. 2315 "fault," and I find no Winn Dixie fault.
Accordingly, I respectfully dissent.
WILLIAMS, J., dissents for the reasons assigned by CIACCIO, J.