614 So.2d 1304 (1993)
Sheila Lane DEROUEN, Plaintiff-Appellee,
v.
William MILLER, et al., Defendants-Appellants.
No. 92-225.
Court of Appeal of Louisiana, Third Circuit.
March 3, 1993.
*1305 William Allen Repaske, New Iberia, for plaintiff-appellee.
David John Calogero, Lafayette, for defendants-appellants.
Before STOKER, THIBODEAUX and COOKS, JJ.
THIBODEAUX, Judge.
Defendants, Winn Dixie Louisiana, Inc. and its employee, William Miller, appeal the trial court's decision awarding damages to the plaintiff, Sheila Lane Derouen, in the amount of $10,000.00 for an illegal detention or false imprisonment in a Winn Dixie store. Defendants raise the following two assignments of error on appeal:
(1) The trial court misinterpreted the 1983 amendment to La.C.Cr.P. art. 215 by requiring that the detention of plaintiff must be followed by reasonable questioning.
(2) The trial court awarded excessive damages to Derouen.
For the following reasons, we affirm.

FACTS
On September 29, 1989, Derouen was shopping at a Winn Dixie grocery store managed by Miller in New Iberia. Among the items selected for purchase by Derouen was a two (2) pound package of fresh shrimp which she obtained from the seafood department. The shrimp was packaged in a white bag which had a light colored design on it. Another Winn Dixie employee, Raymond Gaudet, observed Derouen being served in the seafood department. Gaudet also observed Derouen place something in her purse.
Derouen subsequently proceeded to the check-out counter. She testified that the bag of shrimp was placed in the child seat compartment of the grocery cart. Derouen stated that she removed her checkbook from her purse, which was also in the child seat compartment, to begin writing out a check for her groceries, but then remembered that she needed to purchase coke. Miller testified that after Gaudet told him what he observed, he watched Derouen as she entered the check-out line and did not see any seafood items in her basket. Derouen failed, according to Miller, to promptly *1306 return to the check-out aisle and proceeded to walk up and down several aisles until he finally confronted her in aisle seven. Derouen testified that Miller confronted her shortly after she removed the coke and bag of shrimp from the child seat compartment and placed them in the bottom of the basket. Derouen claims that she attempted to put the 2 liter coke bottle in the child seat, but that it would not stand up with the bag of shrimp and her purse already there. Miller then questioned Derouen about the shrimp by falsely claiming that he saw her take the 2-pound bag of shrimp out of her purse through a surveillance mirror. Derouen denied the allegation. Miller then asked Derouen to go to the back of the store with him. Miller asked Gaudet and another employee, Jackie, to stay in the back with Derouen while he called the police. Derouen stayed in the back of the store in the produce department for about 15 minutes before the police arrived.
Derouen was escorted by a New Iberia police officer through the front of the store and, upon reaching the outside, was put into the rear of the police vehicle. Subsequently, Derouen was taken to the police station and booked. After her mother posted a $500.00 bond, Derouen was released.
The local newspaper, The Daily Iberian, printed an item announcing the arrest of Derouen for shoplifting. Many people in her town, including friends and relatives, saw the newspaper article and questioned Derouen about the incident. Derouen testified that she was humiliated and embarrassed. Derouen, her husband, Bobby, and her friend and sometime employer, Prudence Catsulis, all testified that after the incident Derouen became emotional and cried easily. Further, Derouen and her husband testified as to her inability to sleep, her elevated blood pressure, her nail biting, development of rashes, and her change in shopping habits subsequent to the incident.
As a result of her arrest, Derouen had to defend herself in a criminal trial where she was eventually found not guilty.
The trial judge ruled in favor of Derouen, finding that Winn Dixie acted unreasonably in failing to question Derouen about the bag of shrimp before calling the police. The trial judge stated that there "may have been reasonable cause to detain but that reasonable cause could cease to exist and that the actions of the merchant may impose liability, when reasonable questioning of the suspected shoplifter is not conducted." Moreover, "[t]he limitation of liability came to an end when the merchant failed to follow the detention with reasonable questioning."

REASONABLENESS OF THE DETENTION
Winn Dixie argues that it should have been exempt from liability under La. C.Cr.P. art. 215 which authorizes a merchant to detain and question a person suspected of shoplifting as well as for arrest by a peace officer. The thrust of Winn Dixie's argument is that the first two sentences of LSA-C.Cr.P. art. 215(A)(1) present an either/or situation. Winn Dixie asserts that a merchant may detain a person for questioning whom they have reasonable cause to believe has shoplifted or a merchant may detain that same person for arrest by a peace officer without questioning. Counsel for Winn Dixie asserted during oral argument that a merchant is under no obligation to do any affirmative act such as questioning before detaining one for arrest. We do not agree. Winn Dixie further claims that the purpose of the 1983 amendment to La.C.Cr.P. art. 215 which provided "... [t]he merchant or his employee or agent may also detain such a person for arrest by a peace officer" was to avoid second guessing of a merchant's reasonableness in questioning a suspected shoplifter. Prior jurisprudence held merchants liable for being unreasonable in investigating a suspected shoplifter. See, Lasseigne v. Walgreen, 274 So.2d 480 (La.App. 1st Cir.1974); Thomas v. Winn Dixie Louisiana, Inc., 477 So.2d 925 (La.App. 4th Cir. 1985). Derouen argues that if the phrase is interpreted to mean that a merchant who has merely "reasonable cause" to suspect *1307 shoplifting can therefore detain that person "reasonably suspected" of shoplifting for arrest, then the concept of probable cause for arrest is eviscerated.
LSA-C.C. art. 2315 has been interpreted to provide a cause of action in favor of those whose liberty has been interfered with in an unwarranted manner. West v. Wal-Mart, Inc., 539 So.2d 1258 (La.App. 3d Cir.1989). False imprisonment occurs when one is restrained against his or her will by another who acts without statutory authority. Id.
Indisputably, Derouen was detained by Miller who failed to question her about or investigate the shoplifting incident. In order for Winn Dixie to escape liability, it must prove that Derouen was detained in compliance with LSA-C.Cr.P. art. 215 which provides in pertinent part:
A. (1) A peace officer, merchant, or a specifically authorized employee or agent of a merchant, may use reasonable force to detain a person for questioning on the merchant's premises, for a length of time, not to exceed sixty minutes, unless it is reasonable under the circumstances that the person be detained longer, when he has reasonable cause to believe that the person has committed a theft of goods held for sale by the merchant, regardless of the actual value of the goods. The merchant or his employee or agent may also detain such a person for arrest by a peace officer. The detention shall not constitute an arrest. (Emphasis added).
Winn Dixie contends that Miller had the statutory authority to detain Derouen without questioning pursuant to the second sentence of subsection (A)(1). Derouen asserts that the phrase, "such a person," in the second sentence of LSA-C.Cr.P. art. 215(A)(1) is significant. She asserts that the only possible meaning of the phrase "such a person" which would not do violence to the basic rights of individuals is that it refers to someone who has actually committed a theft of the merchant's goods. Thus, the thrust of Derouen's argument is that the statute does not give Miller authority to detain a suspected shoplifter for arrest without questioning or investigating the incident unless it is known by the merchant that the person has actually committed a theft. When Miller failed to question her before calling the police as required by the statute, he was no longer immune from civil liability due to wrongful detention. The trial court held Winn Dixie liable because Miller failed to follow the detention with reasonable questioning.
The relevancy of Article 215, above, is best explained in the Official Revision Comment (e) thereto which states:
".... If the detention is authorized under the first paragraph, immunity from both criminal and civil liability will naturally follow. If the peace officer, merchant, or employee does not comply with the terms of the first paragraph, the detention will not be authorized and there should be no immunity."
We agree with the trial judge. A literal reading of the statute is mandated by LSA-C.C. art. 9, i.e., when the law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. The statute clearly bestows upon the merchant the power to detain a suspected shoplifter for arrest. However, in our view, the first and second sentences are inextricably linked in the same paragraph. Thus, "such a person" in the second sentence refers to a "person detained for questioning." If the legislature had intended to give merchants a choice of remedies upon suspecting a person of shoplifting, it would have written the second sentence in a separate paragraph or inserted the disjunctive "or."
The purpose of C.Cr.P. art. 215 is to provide merchants with authority to detain and question persons suspected of shoplifting without subjecting them to suits by those detained persons on the basis of false imprisonment when the merchant has reasonable cause to believe a theft of goods has occurred. The amendment protects merchants who have conducted a reasonable post-detention inquiry and held the *1308 person for arrest, when that person is subsequently found not guilty or when the shoplifting charge is dismissed. The trial court was correct in applying pre-1983 jurisprudence to the present case to determine the reasonableness of Miller's actions. Thus, the trial court did not err by requiring that Miller's detention of Derouen, based upon reasonable cause, be followed by reasonable questioning. If questioning and reasonable investigation is performed and probable cause is established, then a merchant may hold a detained person for arrest by a police officer.
The legislature is presumed to have enacted each statute with deliberation and with full knowledge of all existing laws on the same subject. Hayden v. Richland Parish School Board, 554 So.2d 164 (La.App. 2d Cir.1989), writ denied 559 So.2d 124 (La.1990). Thus, legislative language will be interpreted on the assumption that the legislature was aware of existing statutes, rules of construction, and judicial decisions interpreting those statutes. McGee v. State, 502 So.2d 121 (La.App. 4th Cir.1986), writ denied 505 So.2d 730 (La. 1987); Juneau v. Avoyelles Parish Police Jury, 482 So.2d 1022 (La.App. 4d Cir.1986). Where a statute is susceptible of two constructions, courts will give that construction which best comports with principles of reason, justice, and convenience, for it is to be presumed that the legislature intended such exceptions to its language as would avoid its leading to injustice, oppression, or absurd consequences. Freechou v. Thomas W. Hooley, Inc., 383 So.2d 337 (La. 1980). It is reasonable to conclude therefore that the legislature, in amending C.Cr.P. art. 215(A)(1) in 1983 by adding the second sentence to the first paragraph, did not intend to change the requirement of reasonable questioning upon detention of a suspected shoplifter.

QUANTUM
By its second assignment of error, Winn Dixie urges that the trial court was clearly wrong in awarding excessive damages. It argues that Derouen's damages in the amount of $10,000.00 was an abuse of discretion and the damage amount should be no more than $4,000.00.
Winn Dixie contends that there was no corroboration of Derouen's emotional trauma and cites the Supreme Court case of Harris v. Lee, 387 So.2d 1145 (La.1980) to support its contention that where no corroboration is present, the trial court's award of damages was an abuse of discretion. However, in Harris, the plaintiff had no corroboration by either medical testimony or lay testimony as to her emotional distress as opposed to the instant case where Derouen's damages were corroborated by lay testimony. Harris allows corroboration of emotional trauma to be effected through lay testimony.
In addressing Winn Dixie's assertions of error as to the district court's award of damages, Coco v. Winston Industries, Inc., 341 So.2d 332, 335 (La.1976) is the applicable law:
"We do reemphasize, however, that before a court of appeal can disturb an award made by a trial court that the record must clearly reveal that the trier of fact abused its discretion in making its award. (Citations omitted). Only after making the finding that the record supports that the lower court abused its much discretion can the appellate court disturb the award, and then only to the extent of lowering it (or raising it) to the highest (or lowest) point which is reasonably within the discretion afforded that court. (Citations omitted). It is never appropriate for a court of appeal, having found that the trial court has abused its discretion, simply to decide what it considers an appropriate award on the basis of the evidence."
When damages are insusceptible of precise measurement, much discretion is left to the trial court to assess reasonable damages. LSA-C.C. art. 1999.
We have reviewed the record to determine whether it supports an award of $10,000.00 for Derouen's emotional suffering arising from her unlawful detention. The trial court concluded that "[i]f Mr. Miller would have questioned Mrs. Derouen and allowed her to give her explanation of the *1309 sequence of events, her subsequent arrest and ensuing humiliation could have been avoided." We are aware of our previous decision in Brown v. Hartford Ins. Co., 370 So.2d 179 (La.App. 3d Cir.1979) that allows the merchant to forgo questioning a suspected shoplifter where the "explanation" given by the suspect would be incredible. However, in Brown, there was no doubt that shoplifting occurred as opposed to the instant case where no one claimed to have seen Derouen actually put the seafood bag in her purse, but only something that "looked like" the seafood bag. There was no abuse in the trial court's award of $10,000.00 in general damages.

CONCLUSION
Our review of the record and the reasons for judgment from the trial court convinces us that the trial court committed no error in interpreting LSA-C.Cr.P. art 215(A)(1) to require questioning of Derouen before detaining her for arrest by the police officer. Furthermore, the trial court committed no error in accepting, rejecting or in weighing the testimony as to Derouen's mental anguish and the $10,000.00 damage award was within the trial court's discretionary range. Accordingly, for the foregoing reasons, the judgment of the district court in favor of the plaintiff, Derouen, is affirmed. Costs of this appeal are assessed against the appellant.
AFFIRMED.