445 S.E.2d 753

**Patricia WARD, Plaintiff Below, Appellant,**

v.

**Darrin WEST, and Sears, Roebuck & Co., a New York Corporation; and John Doe, an Unknown Owner or Tenant of Property Wherein the Sears Store is Located at the Barboursville Mall, Defendants Below, Appellees.**

**No. 21983.**

Supreme Court of Appeals of West Virginia.

Submitted May 4, 1994.

Decided June 16, 1994.

Charles A. Riffee, II, Caldwell, Cannon–Ryan & Riffee, Charleston, for appellant.

W. Michael Moore, Kay, Casto, Chaney, Love & Wise, Charleston, for appellees.

**PER CURIAM:**

This is an appeal by Patricia Ward from an order of the Circuit Court of Cabell County awarding Sears, Roebuck & Co. summary judgment in a personal injury action. The appellant argues that the trial court erred in granting summary judgment inasmuch as a genuine issue of material fact existed at the time of the granting of summary judgment and that, under the circumstances, summary judgment was improper. After reviewing the questions raised and the documents filed, this Court agrees with the appellant's assertions. Accordingly, the judgment of the Circuit Court of Cabell County is reversed.

On February 9, 1992, the appellant, Patricia Ward, was shopping with family members in the Sears, Roebuck & Co. retail store located in the Barboursville Mall in Barboursville, Cabell County, West Virginia. At the same time, two employees of Sears were politely escorting a suspected shoplifter, Darrin West, to the Sears security office. The incident which gave rise to the present case occurred when the suspected shoplifter bolted and started running. As he was running, he knocked the appellant to the ground and broke her coccyx.

Following the incident, the appellant sued the suspected shoplifter, Darrin West, and she also sued Sears, Roebuck & Co. and the owner or tenant of the property in which the Sears store was located. In suing Sears, the appellant essentially claimed that the company had failed to use appropriate care in chasing and pursuing the suspected shoplifter. She also claimed that Sears failed to take reasonable precautions to protect her from the dangers inherent in the design, layout, arrangement, and use of its premises. She prayed for trial by jury.

Following the filing of various documents in the case, Sears moved for summary judgment. In support of its motion, Sears argued that the documents showed that the shoplifter readily admitted that he had attempted to shoplift, and that when Michelle Taylor and Henry Jones, who were employed by Sears as loss prevention guards, approached him in the store, he agreed to accompany them to the loss prevention office. Sears stated that at the time Mr. West was

neither violent nor disorderly and that, under the circumstances, its employees had no reason to foresee that Mr. West would bolt and cause injury to the appellant. It essentially took the position that negligence on the part of its employees did not proximately cause the appellant's injuries. Sears argued that a party cannot be held liable for damages which result from an event which is not expected and which can not be anticipated by an ordinarily prudent person, a position supported by a number of West Virginia cases. *Haddox v. Suburban Lanes, Inc.,* 176 W.Va. 744, 349 S.E.2d 910 (1986); *Puffer v. Hub Cigar Store,* 140 W.Va. 327, 84 S.E.2d 145 (1954). It further argued that many cases indicate that where a shoplifter has voluntarily agreed to accompany a store employee and has unexpectedly bolted from the store employee, the store is not responsible for the customer's injury. In support of this proposition, it cited *Graham v. Great Atlantic & Pacific Tea Co.,* 240 So.2d 157 (Fla.App. 1970); *Radloff v. National Food Stores, Inc.,* 20 Wis.2d 224, 121 N.W.2d 865, *rehearing denied,* 20 Wis.2d 224, 123 N.W.2d 570 (1963); *Knight v. Powers Dry Goods Co.,* 225 Minn. 280, 30 N.W.2d 536 (1948); and *Martin v. Piggly–Wiggly Corp.,* 469 So.2d 1057 (La.App.1985).

To support its position that its employees did not expect the shoplifter to bolt and injure the appellant, Sears submitted the affidavits of Henry Jones and Michelle Taylor, the loss prevention guards who were escorting the shoplifter. In the affidavits, which were essentially identical, the affiants stated that they reasonably believed that Darrin West had committed shoplifting and that Mr. West had freely admitted to attempting to shoplift, that he had agreed to accompany them to the loss prevention office, and that he had given no indication that he might try to flee. They stated that at no time prior to his attempted flight did they expect him to make such an attempt and that they did not regard him as dangerous. They claimed that neither they nor any other employee of Sears, Roebuck & Co. were chasing him prior to his running into the appellant and that only after he ran into the appellant did any employee of Sears pursue and apprehend him.

After taking the motion for summary judgment under consideration, as well as the material submitted in support of that motion, the circuit court, on May 10, 1993, granted the motion of Sears, Roebuck & Co. for summary judgment. In granting the motion, the circuit court accepted Sears argument and affidavits. The court found that Mr. Jones and Ms. Taylor, as loss prevention employees employed by Sears, had authority under the West Virginia Code to detain Darrin West, whom they reasonably believed had committed shoplifting. The court further found that Mr. West admitted that he had shoplifted and that he agreed to be escorted to the loss prevention office and that at that time Mr. West was neither violent nor disorderly, and he gave no indication of a propensity to flee. The circuit court concluded that the evidence showed that while Ms. Taylor and Mr. Jones were escorting Mr. West, he began to run without warning, and that he had run approximately ten feet when he collided with the appellant and knocked her down. Lastly, the court found that at no time prior to the attempted flight did Ms. Taylor and Mr. Jones expect Mr. West to make an attempt to flee and that Sears and its employees had no duty to take extraordinary safety measures since they could not have reasonably anticipated violence on the part of the suspected shoplifter, Darrin West. The court concluded:

> The Court finds from the evidence that the employees of Sears did not know that they were dealing with a vicious or violent person, and there is nothing in the record to indicate that they should have so known. The undisputed evidence in the case does not create a case of negligence. Knowledge of the fact that Darrin West was a shoplifter was not knowledge that he was vicious, violent or dangerous as well. The undisputed evidence in the case does not create a case of negligence.

The court concluded that Mr. West's negligence and willful conduct was the proximate cause of the injuries to the appellant and that Sears and its employees maintained the premises in a reasonably safe condition and exercised ordinary care to protect their customers, including the appellant. On the ba-

sis of all these facts, the court ruled that summary judgment was appropriate.

On appeal, the appellant claims that the circuit court erred in granting summary judgment.

■ In *Aetna Casualty & Surety Company v. Federal Insurance Company of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963), this Court discussed at some length when summary judgment should be granted under the West Virginia Rules of Civil Procedure. In syllabus point 3 of that case, the Court stated:

A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.

See also *Lieving v. Hadley*, 188 W.Va. 197, 423 S.E.2d 600 (1992); *Stemple v. Dobson*, 184 W.Va. 317, 400 S.E.2d 561 (1990); *Lusk v. Doe*, 175 W.Va. 775, 338 S.E.2d 375 (1985); *Handley v. Town of Shinnston*, 169 W.Va. 617, 289 S.E.2d 201 (1982); and *Hines v. Hoover*, 156 W.Va. 242, 192 S.E.2d 485 (1972).

■ The appellant claims that the owner/occupant of the premises is required by the law to exercise ordinary care to protect an invited person from injury inflicted by other persons present on the premises. She argues that the documents submitted in the case, at the very least, raise a genuine and material issue of fact as to when and how the pursuit of the shoplifter, Darrin West, occurred.

While the cases advanced by Sears, Roebuck & Co. in the present case in support of its motion for summary judgment suggest that a storeholder should not be liable when a seemingly peaceful shoplifter is being escorted and he bolts and injures a customer of the store, those cases involve situations where the shoplifter bolted and, while not being pursued by store employees, struck a customer.

There are cases which suggest that, when store employees do attempt to pursue a bolting shoplifter, the pursuit may constitute negligence. For instance, in *Williams v. McCrory's Department Store*, 354 So.2d 725 (La.App.1978), *cert. denied*, 356 So.2d 1004 (La.1978), where a security guard pursued and eventually caught a suspect, the court ruled that the pursuit by the security guard was a substantial factor in the customer's injury and concluded that the security guard had deviated from approved police procedure in making the pursuit. Somewhat similarly, in *McClure v. Allied Stores of Texas, Inc.*, 608 S.W.2d 901 (Tex.1980), on remand 622 S.W.2d 618 (Tex.App.1981), the court held that the negligence of a security guard in chasing one of two shoplifters through a crowded mall was a substantial factor, cause in fact, and a proximate cause of a collision between the shoplifter and the customer. The court concluded that the shoplifters ran as they did because they were being closely pursued by security guards.

In view of these cases, this Court believes that a material question relating to the potential liability of Sears, Roebuck & Co. in the present case is whether the Sears guards were attempting to pursue the shoplifter, Darrin West, at the time he struck the appellant, or whether they did not attempt to pursue him until after the collision had occurred.

Although the affidavits of the two security guards suggested that they were not pursuing the suspected shoplifter at the time of the collision with the appellant, the deposition of another person present at the time of the collision, was introduced before the circuit court ruled on the motion for summary judgment. In that deposition, the witness to the collision in which the appellant was injured, stated:

As I came around the bend, I noticed a commotion. I saw three people, young people. It didn't really register, I just thought three young people raising cane or something, and before I got hit, I stepped aside with the baby, and they kept going by me and the man security guard was pretty close to the guy that they were chasing, and there was a girl behind him ... they were coming at me so, so I had enough time to—they were probably, when I noticed the first person, was probably ten feet.

370

The statement in this deposition, that "the man security guard was pretty close to the guy that they were chasing," in this Court's view contradicts the affidavits of Sears' security guards and raises a question of fact as to whether the guards were chasing the shoplifter at the time the collision occurred. As previously indicated, there is authority indicating that where a store's guards are actually chasing a shoplifter at the time a collision with an innocent bystander occurs, the store may, under certain circumstances, be held to be negligent and liable.

Given all the documents submitted in this case, the Court cannot say that it is clear that there is no genuine issue of fact to be tried. To the contrary, there are plainly contradictory statements, two of which indicate that the security guards were not chasing Darrin West and a third which says that they were. The Court also believes that inquiry concerning the facts is desirable to clarify the application of law. Under such circumstances, syllabus point 3 of *Aetna Casualty & Surety Company v. Federal Insurance Company of New York, supra*, indicates that summary judgment is inappropriate.

The summary judgment of the Circuit Court of Cabell County is, therefore, reversed and this case is remanded for trial.

Reversed and remanded.