Jason C. SCOTT and Katherine Dawn Elliott, by her next friend, Marilyn McNeely, Plaintiffs,

v.

TACO BELL CORP., a California corporation, Defendant.

Civ. A. No. 2:94–0956.

United States District Court, S.D. West Virginia, Charleston Division.

July 11, 1995.

---

James Allan Colburn, Baer, Colburn & Morris, Huntington, WV, for plaintiffs.

Michael J. Farrell and Tamela J. White, Jenkins, Fenstermaker, Krieger, Kayes & Farrell, Huntington, WV, for defendant.

## *MEMORANDUM OPINION AND ORDER*

HADEN, Chief Judge.

Pending is the Defendant's motion for summary judgment filed June 12, 1995. The Plaintiffs have not responded. The time for response has passed and the motion is ripe for adjudication. For reasons set forth below, the Defendant's motion is **GRANTED.**

### I

■ A principal purpose of summary judgment is to isolate and dispose of meritless litigation. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The standard used to determine whether a motion for summary judgment should be granted or denied was stated recently by our Court of Appeals:

A moving party is entitled to summary judgment "if the pleading[s], depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.Pro. 56(c). *See Charbonnages*

*de France v. Smith,* 597 F.2d 406 (4th Cir.1979).

A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In considering a motion for summary judgment, the court is required to view the facts and draw reasonable inferences in a light most favorable to the nonmoving party. *Id.* at 255, 106 S.Ct. at 2514. The plaintiff is entitled to have the credibility of all his evidence presumed. *Miller v. Leathers,* 913 F.2d 1085, 1087 (4th Cir.1990), *cert. denied,* 498 U.S. 1109, 111 S.Ct. 1018, 112 L.Ed.2d 1100 (1991). The party seeking summary judgment has the initial burden to show absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). The opposing party must demonstrate that a triable issue of fact exists; he may not rest upon mere allegations or denials. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. A mere scintilla of evidence supporting the case is insufficient. *Id.*

*Shaw v. Stroud,* 13 F.3d 791, 798 (4th Cir. 1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 67, 130 L.Ed.2d 24, *and cert. denied,* —— U.S. ——, 115 S.Ct. 68, 130 L.Ed.2d 24 (1994). *Accord Patterson v. McLean Credit Union,* 39 F.3d 515, 518 (4th Cir.1994); *Vienna Family Medical Assoc., Inc. v. Allstate Ins. Co.,* 872 F.Supp. 1509, 1511 (S.D.W.Va. 1995); *Sayre v. General Nutrition Corporation,* 867 F.Supp. 431, 432 (S.D.W.Va.1994); *Ambrose v. Knotts,* 865 F.Supp. 342, 343 (S.D.W.Va.1994).

Although the Plaintiff has not responded to the Defendant's motion, the Court must still consider whether the Defendant is entitled to summary judgment as a matter of law. As our Court of Appeals has stated:

This failure to respond, however, does not fulfill the burdens imposed on moving parties by Rule 56. Section (c) of Rule 56 requires that the moving party establish, in addition to the absence of a dispute over any material fact, that it is "entitled to judgment as a matter of law." Fed.

R.Civ.P. 56(c). Although failure of a party to respond to a summary judgment motion may leave uncontroverted those facts established by the motion, the moving party must still show that the uncontroverted facts entitle the party to a "judgment as a matter of law." The failure to respond to the motion does not automatically accomplish this. Thus, the court, in considering a motion for summary judgment, must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law. This duty of the court is restated in section (e) of the rule, providing, "if the adverse party does not so respond, summary judgment, *if appropriate,* shall be entered against the adverse party." Fed.R.Civ.P. 56(e) (emphasis added).

*Custer v. Pan American Life Insurance Co.,* 12 F.3d 410, 416 (4th Cir.1993). *See Keller v. District Lodge No. 19,* 882 F.Supp. 560, 564 (S.D.W.Va.1995); *Cornell v. General Electric Plastics,* 853 F.Supp. 221, 223 n. 3 (S.D.W.Va.1994); *Thomas v. Shoney's, Inc.,* 845 F.Supp. 388, 389 n. 3 (S.D.W.Va.1994).

## II

The material facts are uncontroverted. The Plaintiffs entered the Taco Bell restaurant located in Teays Valley, Putnam County, West Virginia, about midnight on August 28, 1994. James Burris, another customer, entered at approximately the same time. While the Plaintiffs and Mr. Burris were in line to order their meals some comments were made about Plaintiff Scott's diminutive stature. A fight ensued between Mr. Burris and Scott in which Scott was injured. No employee of Taco Bell was involved in the altercation.

The Plaintiffs filed a complaint in the Circuit Court of Putnam County, West Virginia, alleging Taco Bell breached its duty to protect the Plaintiffs from attack by Mr. Burris, another customer. This action was removed from the Circuit Court of Putnam County on October 31, 1994 based on the diversity of the parties. The Defendant moved for summary judgment contending it has no duty to protect the Plaintiffs from criminal attacks by third parties.

## III

The Court exercises its diversity jurisdiction in this case. 28 U.S.C. § 1332. The Supreme Court of Appeals of West Virginia has held: "A person is not liable for damages which result from an event which was not expected and could not reasonably have been anticipated by an ordinarily prudent person." Syllabus Point 5, *Haddox v. Suburban Lanes, Inc.,* 176 W.Va. 744, 349 S.E.2d 910 (1986) (quoting Syllabus Point 6, *Puffer v. Hub Cigar Store,* 140 W.Va. 327, 84 S.E.2d 145 (1954)). In a later case, the Court stated "a person usually has no duty to protect others from the criminal activity of a third party because the foreseeability of risk is slight, and because of the social and economic consequences of placing such a duty on a person." *Miller v. Whitworth,* 193 W.Va. 262, 266, 455 S.E.2d 821, 825 (1995).

More recently, the Court reiterated its statement in *Miller* concluding "a landlord owes no duty to a tenant's social guest to protect that guest from the criminal conduct of third parties." *Jack v. Fritts,* 193 W.Va. 494, 496, 457 S.E.2d 431, 433 (1995). The Supreme Court of Appeals qualified this holding in both *Miller* and *Jack,* however, noting:

there are circumstances which may give rise to such a duty, and these circumstances will be determined by this Court on a case-by-case basis. A landlord's general knowledge of prior unrelated incidents of criminal activity occurring in the area is not alone sufficient to impose a duty on the landlord. However, a duty will be imposed if a landlord's affirmative actions or omissions have unreasonably created or increased the risk of injury to the tenant from the criminal activity of a third party.

Syllabus Point 6, *Jack,* 193 W.Va. 494, 457 S.E.2d 431; Syllabus Point 6, *Miller,* 193 W.Va. 262, 455 S.E.2d 821 (1995). *See Ward v. West,* 191 W.Va. 366, 445 S.E.2d 753 (1994) (per curiam) (when store employees attempt to pursue a bolting shoplifter, the pursuit may constitute negligence).

■ Together, these cases demonstrate clearly that there is no duty upon a person to protect another from the unforeseen criminal activity of a third party. This rule holds whether the person injured by the third party is a social guest, a tenant, an occupant, or a business invitee. An exception exists if the Defendant, by action or omission, unreasonably created or increased the risk of injury from the criminal activity of a third party. Here, however, there is no evidence the Defendant's employees could have foreseen the fight between Burris and Short nor that they acted to increase the risk of such attack. Accordingly, the Court holds the Defendant had no duty to protect the Plaintiffs from the unforeseeable attack from Mr. Burris. The Defendant's motion is **GRANTED** and the case is **DISMISSED** from the docket of the Court.