Dear Senator Ellington:
You have requested an Attorney General's opinion as to whether LSA-R.S. 33:4169.1(A) (4) requires that an election be held prior to the imposition of a service charge for the collection of garbage and trash by the governing authority of the Town of Ball in Rapides Parish.
LSA-R.S. 33:4169.1(A), in pertinent part, states:
 A. The governing authority of every parish or municipality shall have the following powers:
 (1) To engage in the collection and disposal of garbage and trash within its jurisdiction in cooperation with, or to the exclusion of, other garbage and trash collectors.
 (2) To grant permits, licenses, exclusive or nonexclusive franchises, or any combination thereof to garbage and trash collectors and disposers. Any exclusive franchise shall be granted only after advertising for bids, reception of bids, and awards of the contract or contracts in accordance with the public bid laws of the state and other provisions of law.
* * *
 (4) To assess a service charge against any person provided any service pursuant to Paragraphs (1) or (2). However, in the parishes of Lafourche, Vermilion, Rapides, and Washington, such charge shall be imposed only after the question of its imposition has been submitted to the qualified electors of the parish at an election to be conducted in accordance with the general election laws of the state, and a majority of those voting in the election shall have voted in favor of the imposition of the charge. (Emphasis added.)
The underlined portion, "in the parishes of Lafourche, Vermilion, Rapides, and Washington," was added by Act 714 of the 1986 Regular Session and replaced the following underlined language in the prior statute:
 (4) To assess against any person who is provided any service provided pursuant to Paragraphs (1) or (2) a service charge for the service provided. However, in the case of a parish governing authority, such charge shall be imposed only after the question of its imposition has been submitted to the qualified electors of the parish at an election to be conducted in accordance with the general election laws of the state, and a majority of those voting in the election shall have voted in favor of the imposition of the charge. (Emphasis added.)
Your concern is whether this change in language requires an election before a municipal governing authority situated in Rapides Parish can assess a service charge for the collection of garbage or trash.
The above cited change creates some confusion as per whether the intent of the Legislature was to change the effect of the subsection from that of all parish governing authorities to only the parish governing authorities of Lafourche, Vermilion, Rapides, and Washington Parishes or to affect not only those four specific parish governing authorities but, more extensively, to include all municipal governing authorities located within those named parishes.
When interpreting the meaning of a particular word, clause or sentences within a statute, those words and phrases shall be read within their context and shall be construed according to the common and approved usage of the language. LSA-R.S. 1:3. Moreover, when a statute is susceptible of two constructions, counts will give that construction which best comports with the principals of reason, justice, and convenience, to support the presumption that the Legislature intended such exceptions to its language as would avoid its leading to injustice, oppression, or absurd consequences. Derowen v. Miller, 614 So.2d 1304 (La.App. 3rd Cir. 1993).
That fact that the previous language was changed from specifically stating `parish governing authorities' to `parishes' does not, in our opinion, change the intended meaning that only pertinent parish governing authorities are subject to those provisions. This determination is supported by other language in Subsection (A) (4) regarding the submission of the issue "to the qualified electors of the parish". Submission to the parish voters of an assessment that would only affect a municipality within that parish does not appear to fall within the intent of this statute. Consequently, to conclude that the use of the word `parishes' is inclusive of all municipal governing authorities within those parishes for the purposes of that subsection would, in this office's opinion, lead to absurd consequences.
We conclude that the referenced parishes under LSA-R.S.33:4169.1(A) (4) are subject to those provisions only insofar as the parish governing authorities of those parishes are concerned.
I trust this sufficiently addresses your concerns. If our office may be of further assistance, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ______________________________ CARLOS M. FINALET, III Assistant Attorney General
RPI:CMF:glb
Date Received:
Date Released:
CARLOS M. FINALET, III
Assistant Attorney General